# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEPHTE MOISE** | : | **DOCKET NO. 2:06-cv-1004**<br>**Section P** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **ALBERTO GONZALES, ET AL.** | : | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Currently before the court is a petition for writ of *habeas corpus* filed by *pro se* petitioner, Jepthe Moise, pursuant to 28 U.S.C. § 2241. By this petition, Petitioner challenges his post-removal-order detention. This matter has been referred to the undersigned magistrate judge for review, report, and recommendation in accordance with 28 U.S.C. §636(b)(1)(B).

Petitioner is a native and citizen of Haiti. He entered the United States as an immigrant on January 22, 1994. *See* Government Exhibit 1.

On November 1, 2005, a Notice to Appear was issued against petitioner, charging him with being removable. Petitioner was served with a copy of this Notice to Appear on that same date. *See* Government Exhibit 3.

Petitioner was taken into custody by the U.S. Immigration & Customs Enforcement (ICE) pursuant to the authority of INA § 236. His application for a change in custody status was denied by an immigration judge on November 21, 2005. *See* Government Exhibit 4. On December 1, 2005, an immigration judge found petitioner to be removable as charged. *See* Government Exhibit 5.

ICE first requested a travel document for petitioner from the Consulate General of Haiti on

December 6, 2005. *See* Government Exhibit 6. In January, 2006, a post-order custody review was undertaken pursuant to 8 CFR § 241.4. *See* Government Exhibits 7, 11. On February 14, 2006, a Decision to Continue Detention was issued. *See* Government Exhibit 12. In reaching this decision, the review team noted that petitioner's extensive criminal history rendered him a danger to the community and that repatriation negotiations between the United States and Haiti were on-going. *See* Government Exhibit 11. It was also determined that petitioner's case would be referred to the Headquarters Post Order Detention Unit if petitioner were not released or removed by May 1, 2006. *Id.*

On June 12, 2006, petitioner filed this petition for *habeas* relief, challenging his continued detention in post-removal-order detention. Petitioner states in his petition that he is subject to a removal order which became final on December 1, 2005 and that he has been in post-removal-order custody pursuant to INA § 241 since that time. He challenges his detention as indefinite and claims that his removal to Haiti is not likely to occur in the reasonably foreseeable future. On July 13, 2006, the court ordered the respondents to respond to this petition.

The respondents have filed a response wherein they argue that petitioner has not demonstrated that his removal is not likely to occur in the reasonably foreseeable future. Additionally, the point out that Haiti has recently begun repatriating its citizens.

## **LAW AND ANALYSIS**

In *Zadvydas v. Davis*, 121 S.Ct. 2491 (2001), the United States Supreme Court held that in order for post-removal detention under 8 U.S.C. §1231(a)(6) to be constitutional, it must be limited "to a period reasonably necessary to bring about that alien's removal from the United States." *Zadvydas*, 121 S.Ct. at 2498. The Supreme Court went on to recognize six months as a

2

presumptively reasonable period of detention for INS detainees following a final order of removal.

*Zadvydas*, 121 S.Ct. at 2504.

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut this showing. And for the detention to remain reasonable, as the period of prior post-removal confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink. This 6-month presumption, of course, does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future.

*Zadvydas,* 121 S.Ct. 2505.

In the matter before this court, Petitioner has been in post-removal-order detention since December 1, 2005, a period greater than six months. However, this does not mean that Petitioner is automatically entitled to release. In order for Petitioner to secure his release from custody, the evidence must demonstrate that he has been detained beyond a period reasonably necessary to bring about his removal from the United States and that there is no significant likelihood of removal in the reasonably foreseeable future. This showing has not been made in this case.

It does not appear as if petitioner's Haitian citizenship is disputed, and the petitioner has not produced any evidence to establish that the Haitian Consulate has declined to issue a travel document for him. To support his assertion that his detention is "illegal and indefinite" petitioner points only to the fact that he has been detained beyond the six-month period recognized as presumptively reasonable by the Supreme Court in *Zadvydas*. However, the Fifth Circuit recently held that conclusory statements such as those offered by petitioner are not sufficient to satisfy the alien's initial burden of demonstrating that there is no significant likelihood of removal in the reasonably foreseeable future. *Andrade v. Gonzales*, — F.3d. — , 2006 WL 2136397, *3 (5th Cir. August 1,

2006).

Furthermore, the court takes judicial notice of the fact that the United States and Haiti have been engaged in negotiations to resume repatriation flights to Haiti since the 2005 elections in Haiti. The records of this court reveal that Haiti has recently begun repatriating its citizens with some regularity and that a significant number of Haitians who have petitioned this court for relief were removed to Haiti during the pendency of their *habeas* petition.[1] Thus, there no longer appears to be an institutional barrier to the removal of Haitian citizens.

Accordingly, this court finds that even though the petitioner has been in post-removal-order detention for more than six months, he has failed to demonstrate that his removal is not likely to occur in the reasonably foreseeable future or that he has been detained beyond what is reasonably necessary to bring about his removal from the United States.

For this reason,

**IT IS RECOMMENDED** that this petition be **DENIED AND DISMISSED**.

Under the provisions of 28 U.S.C. §636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

---

[1] *See Pierre-Louis v. Gonzales*, 2:05-cv-2021 (WDLA.) (Removed to Haiti 4/14/2006); *Sainval v. Young*, 2:05-cv-2209 (WDLA) (Removed to Haiti 5/25/2006); *Anock v. Gonzales*, 2:06-cv-13 (WDLA) (Removed to Haiti 4/12/2006); *Menelas v. Young*, 2:06-cv-44 (WDLA) (Removed to Haiti 4/5/2006); *Chevry v. Young,* 2:06-c-v275 (WDLA) (Removed to Haiti 8/14/2006); *Jean-Louis v. Gonzales*, 2:06-cv-316 (WDLA) (Removed to Haiti 7/31/2006); *Datus v. ICE*, 2:06-cv-327 (WDLA) (Removed to Haiti 5/25/2006); *Blanchard v. Chertoff,* 2:06-cv-368 (WDLA) (Removed to Haiti 8/14/2006); *Damas v. Gonzales*, 2:06-cv-452 (WDLA) (Removed to Haiti 7/31/2006); *Louis v. Gonzales*, 2:06-cv-471 (WDLA) (Removed to Haiti 7/31/2006); *Etienne v. Gonzales*, 2:06-cv-489 (WDLA) (Removed to Haiti 5/11/2006); *Jean v. ICE*, 2:06-cv-549 (WDLA) (Removed to Haiti 7/31/2006); *Laurent v. Gonzales*, 2:06-cv-606 (WDLA) (Removed to Haiti 7/31/2006); *Cacius v. Gonzales*, 2:06-cv-639 (WDLA) (Removed to Haiti 7/31/06); *Francis v. Gonzales*, 2:06-cv-823 (WDLA) (Removed to Haiti 7/31/2006); *Jean v. Chertoff,* 2:06-cv-832 (WDLA) (Removed to Haiti 8/14/2006); *Janvier v. ICE*, 2:06-cv-951 (WDLA) (Removed to Haiti 8/14/2006); *Maurice v. Gonzales*, 2:06-cv-959 (WDLA) (Removed to Haiti 7/31/2006); *Jean v. Gonzales*, 2:06-cv-1210 (WDLA) (Removed to Haiti 8/14/2006).

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, August 31, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE